In re VICTORY TOWING COMPANY, Inc. and Striegel Barge Line, Inc., as owner and bareboat charterer respectively of the MOTOR VESSEL BONNIE D, praying for exoneration from or limitation of liability.

No. G–C–43–62.

United States District Court
N. D. Mississippi,
Greenville Division.

July 31, 1963.

George B. Matthews and Charles E. Lugenbuhl, Lemle & Kelleher, New Orleans, La., W. C. Keady, Keady, Campbell & DeLong, Greenville, Miss., for petitioners.

Holland O. Felts, Greenville, Miss., Alan S. Dale, Houston, Tex., Alfred M. Farrell, Jr., New Orleans, La., Edward J. Bogen, Greenville, Miss., J. Y. Gilmore, Jr., John Sims, Henry J. Read and Cornelius G. Van Dalen, New Orleans, La., Jacob Rassner, New York City, James P. Mozingo, Darlington, S. C., Douglas C. Wynn, Wynn, Hafter, Lake & Tindall, Greenville, Miss., for claimants.

CLAYTON, District Judge.

Claimant, A/S A. O. Andersen & Co's Eftf., owners of the MS BOHEME and bailee of the cargo, moves the court for an order modifying the restraining order heretofore entered in this limitation proceeding so as to permit suits to be filed directly against liability, protection and indemnity underwriters or insurers, both prime and excess, of petitioners or the tug BONNIE D, or both; for an order for discovery by production and for an order to require petitioners to answer certain interrogatories. Claimant, Harold Magnussen, also filed a similar motion and joined in the motion of Andersen.

Both of the claimants (movants) and petitioner have furnished memorandum briefs on said motions and the objections and exceptions filed thereto by petitioners.

■ In a limitation proceeding such as the one here, the restraint authorized is with respect to claims, proceedings or suits *against the owner and the vessel,* NOT with respect to claims against underwriters. 46 U.S.C. § 185; Rule 51, Admiralty Rules.

■ Suits against underwriters under the state statutes of Louisiana are au-thorized, even though a limitation proceeding such as the one here, is pending. Maryland Casualty Co., et al. v. Cushing,. et al. (1954) 347 U.S. 409, 74 S.Ct. 608, 98 L.Ed. 806; Humble Oil & Refining Co. v. M/V John E. Coon, et al. (1962) E. D. Louisiana, 207 F.Supp. 45.

■ The incident giving rise to these limitation proceedings and to the claims of the movants occurred in Louisiana. Hence, it is apparent that the restraining order in question goes too far when it restrains actions against the underwriters or insurers of petitioners or of the M/V BONNIE D.

■ That claimants have claims is beyond dispute. That they do not know the identity of the party or parties against whom they should proceed is also beyond dispute. That petitioners have possession (if anyone does) of materials contemplated by Rule 32, Admiralty Rules, is also clear, which would help to identify the parties against whom these claims should be prosecuted. Thus, the good cause contemplated by said Rule 32 exists and claimants are entitled to the production requested.

■ Interrogatories which have been propounded to petitioners under Admiralty Rule 31 are designed to assist in obtaining accurate information, primarily with respect to the identity of the insurers or underwriters with which we are concerned. For the reasons stated with respect to the production for discovery purposes aforementioned, these interrogatories are proper and should be answered with the exception of Interrogatory 3. B., to which petitioners' objection is well taken.

With the one exception noted, movants are entitled to all of the relief which they seek.

Order may be prepared for entry in accordance herewith.